DA 07-0555

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 222N

WILLIAM LARRY WEAVER,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 96-12431
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          William Larry Weaver, Pro Se, Sparta, Georgia

       For Appellee:

          Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  May 14, 2008

Decided:   June 18, 2008

Filed:

_____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant William Larry Weaver (Weaver) appeals the District Court's denial of his petition for postconviction relief or habeas relief. We affirm.

¶3 Weaver was convicted in 1998 of deliberate homicide. The District Court sentenced Weaver to life without parole and imposed a consecutive ten year enhancement for use of a dangerous weapon. We affirmed Weaver's conviction in *State v. Weaver*, 2001 MT 115, 305 Mont. 315, 28 P.3d 451. Weaver then filed a petition for postconviction relief in which he alleged ineffective assistance of counsel. He raised no sentencing claims. The District Court denied Weaver's petition and we affirmed on appeal in *Weaver v. State*, 2005 MT 158, 327 Mont. 441, 114 P.3d 1039.

¶4 The sentence review division affirmed Weaver's sentence in March 2006. Weaver filed a motion to vacate his sentence in July 2007. The District Court denied Weaver's motion and it also denied Weaver's motion for reconsideration. Weaver then filed this appeal.

¶5 Weaver argues on appeal that he committed his crime in 1993 and the law at that time did not allow for a sentence of life without the possibility of parole. Weaver contends that his "is a simple case." He asks the Court simply to re-sentence him to a legal sentence. Ten

years would be fine, according to Weaver. The State contends that Weaver's sentence falls within the statutory parameters and therefore his claim should be treated as a petition for postconviction relief or habeas relief. We agree.

¶6      We review the term or length of a sentence for legality only to ascertain whether the sentence falls within the statutory parameters. *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11. Questions regarding the fairness or equity of a sentence falls with the sentence review division. *State v. Shults*, 2006 MT 100, ¶ 32, 332 Mont. 130, ¶ 32, 136 P.3d 507, ¶ 32. We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that Weaver's petition faces insurmountable procedural bars and that his claim of an illegal sentence is without merit. The District Court applied clearly settled Montana law to Weaver's claims.

¶7      We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER

3